IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CR-00080-F-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JUAN CARLOS VELASQUEZ-PENUELAS, | ) | |
| Defendant. | ) | |

This matter is before the court on Juan Carlos Velasquez-Penuelas's pro se Motion for Time Reduction, purportedly filed pursuant to 28 U.S.C. § 2855[1] [DE-32]. Velasquez-Penuelas argues that U.S. citizens are entitled to a one year reduction in their sentence through a drug treatment program during their incarceration and are entitled to stay in a halfway house on early release, and that as an alien he should not be deprived of these rights. Specifically, he contends that such treatment is a violation of his equal protection rights.

Velasquez-Penuelas, a native and citizen of Mexico, entered a plea of guilty to illegal reentry by an aggravated felon, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). He was sentenced on January 4, 2012, to a term of 70 months imprisonment, at the bottom of his advisory sentencing range. *See* Judgment [DE-25]. He appealed to the Fourth Circuit, which affirmed. [DE-34].

The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend XIV, § 1. In order for Velasquez-Penuelas to be successful on his equal protection claim, he must show that he has been treated differently from others with whom he is similarly situated

---

[1] The statute cited by Velasquez-Penuelas as the basis for his Motion does not exist.

and that the unequal treatment was the result of intentional or purposeful discrimination. *See Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001).

Velasquez-Penuelas is correct in his assertion that inmates may be eligible for release by a period which is not to exceed twelve months if they complete a Residential Drug Abuse Treatment Program (RDAP). *See* 28 C.F.R. § 550.55. He is also correct that Immigration and Customs Enforcement detainees fall within one of the groups of inmates which have been excluded. *See* 28 C.F.R. § 550.55(b)(1). Even so, Velasquez-Penuelas cannot show that exclusion from rehabilitation programs that allow for a reduction in sentence establishes that aliens, such as him, are being treated differently from other similarly situated prisoners who are not aliens. This is true because the applicable regulations classify prisoners not as aliens or non-aliens, but as those who have an ICE detainer against them and those that do not. Other circuits have recognized that alien prisoners with an ICE detainer lodged against them cannot show that exclusion from rehabilitation programs establishes that alien prisoners are receiving unequal treatment from other similarly situated prisoners who are not aliens. *See Gallegos-Hernandez v. United States*, 688 F.3d 190, 195 (5th Cir. 2012); *Adams v. Apker*, 148 Fed. Appx. 93, 95-96 (3d Cir. 2005); *McLean v. Crabtree*, 173 F.3d 1176, 1185 (9th Cir. 1999). For these reasons, Velasquez-Penuelas's equal protection claims must fail. Accordingly, Velasquez-Penuelas's Motion for Time Reduction [DE-32] is DENIED.

SO ORDERED.

This, the 4 day of February, 2013.

*signature*
JAMES C. FOX
Senior United States District Judge