IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CR-00080-F-1
No. 4:13-CV-00252-F

| | |
|---|---|
| JUAN CARLOS VELASQUEZ-PENUELAS, )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | ORDER |

This matter is before the court on the Government's Motion to Dismiss [DE-47] Juan Carlos Velasquez-Penuelas's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-41, DE-45].[1] The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons more fully stated below, the Government's Motion to Dismiss is ALLOWED, and Velasquez-Penuelas's Motion to Vacate is DENIED.

## I. Factual and Procedural Background

On July 20, 2011, Velasquez-Penuelas was charged in a single-count indictment. *See* Indictment [DE-13]. Velasquez-Penuelas was charged with illegal reentry by an aggravated felon, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). At Velasquez-Penuelas's arraignment, held on September 6, 2011, he pled guilty to Count One of the indictment without the benefit of a plea agreement.

The court held Velasquez-Penuelas's sentencing hearing on January 4, 2012, and sentenced him to 70 months' imprisonment. *See* Judgment [DE-25]. Velasquez-Penuelas filed a

---

[1] Velasquez-Penuelas's initial attempt to initiate a claim for relief under 28 U.S.C. § 2255 was a non-conforming document [DE-41], which was filed on December 2, 2013. At the court's direction, Velasquez-Penuelas filed a "conforming" motion [DE-45] on January 2, 2014.

Notice of Appeal [DE-22] on January 5, 2012.

In an unpublished opinion, the Fourth Circuit Court of Appeals addressed Velasquez-Penuelas's argument that this court committed reversible procedural error by failing to address his nonfrivolous arguments in favor of a downward variance and failing to state, on the record, the reasons for the sentence that was imposed. September 11, 2012 Unpublished Opinion [DE-33] at 2. The Fourth Circuit affirmed the judgment of this court. *Id.* at 5. The United States Supreme Court denied certiorari.

On December 2, 2013, Velasquez-Penuelas filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-41, DE-45]. In his § 2255 motion, Velasquez-Penuelas argues that he is entitled to relief on the following grounds: (1) his attorney provided ineffective assistance of counsel by failing to follow through with an appeal; (2) he was not given the fast track option when defendants in other districts were; (3) he wants the court to consider his cultural assimilation and family circumstances; and (4) he would like the court to review a deportation order entered in January of 2009. Mot. to Vacate [DE-45] at 4-5, 7-8. The Government filed a Motion to Dismiss [DE-47] on February 5, 2014, arguing that Velasquez-Penuelas's § 2255 motion should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the basis that he has failed to state a claim. Mem. in Supp. [DE-48] at 2.

## II. Legal Standard

**Rule 12(b)(6) Motion to Dismiss**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the

court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'shp*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

### III. Discussion

**A. Velasquez-Penuelas has failed to state a claim for ineffective assistance of counsel in his first claim.**

In his first claim, Velasquez-Penuelas argues that his attorney provided ineffective assistance of counsel by failing to follow through with an appeal. Mot. to Vacate [DE-45] at 4. In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The petitioner bears the burden of proof as to both prongs of the *Strickland* standard. *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010). Under the first prong, the petitioner must show that counsel's

3

representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland*, 466 U.S. at 688. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. As to the second prong, the petitioner must demonstrate that counsel's inadequate performance was prejudicial to him. *Id.* at 687. Specifically, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Id.*

This claim is belied by the record. As noted, Velasquez-Penuelas's attorney filed a Notice of Appeal and then, on direct appeal, challenged his sentence by arguing that this court committed reversible procedural error by failing to address his nonfrivolous arguments in favor of a downward variance and failing to state, on the record, the reasons for the sentence that was imposed. September 11, 2012 Unpublished Opinion [DE-33] at 2; *see United States v. Velasquez-Penuelas*, 494 F. App'x 311 (4th Cir. 2012). The court concludes that Velasquez-Penuelas has failed to sufficiently allege deficient performance by his attorney or any prejudice resulting therefrom. Accordingly, Velasquez-Penuelas's first claim will be DISMISSED.

**B. Velasquez-Penuelas has procedurally defaulted his second, third and fourth claims.**

In his second claim, Velasquez-Penuelas alleges that he was not given the fast track option when defendants in other districts were. Mot. to Vacate [DE-45] at 5. Velasquez-Penuelas contends in his third claim that he wants the court to consider his cultural assimilation and family circumstances. *Id.* at 7. In his fourth claim, Velasquez-Penuelas asserts that he would like the court to review a deportation order entered in January of 2009. *Id.* at 8.

4

Case 4:11-cr-00080-F Document 50 Filed 10/09/15 Page 4 of 6

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (citation and internal quotation marks omitted). When a defendant procedurally defaults a claim by failing to raise it on direct appeal, the claim is cognizable in habeas "only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Id.* at 622 (citations omitted).

In order to show "cause" for a procedural default, the movant must demonstrate that some objective factor external to the record impeded his counsel's efforts to bring a claim on direct appeal. *Murray v. Carrier*, 477 U.S. 478, 492 (1986); *Turner v. Jabe*, 58 F.3d 924, 927 (4th Cir. 1995). "[C]ause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999) (citing *Murray*, 477 U.S. at 488). In order to avoid a procedural default based on the "actual innocence" exception to default, a movant must show that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him because of his "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

In this case, Velasquez-Penuelas concedes that he failed to raise his second, third and fourth claims when his case was on direct appeal to the Fourth Circuit. Mot. to Vacate [DE-45] at 6-7, 9-10. Moreover, Velasquez-Penuelas has failed to allege that some objective factor external to the record prevented him from raising his second, third and fourth claims on direct appeal. Additionally, Velasquez-Penuelas has not alleged that he is actually innocent. Accordingly, because Velasquez-Penuelas has failed to demonstrate either "cause" and "actual prejudice," or that he is actually innocent, Velasquez-Penuelas's second, third and fourth claims

5

are procedurally defaulted.

## IV. Conclusion

For the foregoing reasons, the Government's Motions to Dismiss [DE-47] is ALLOWED, and Velasquez-Penuelas's Motion to Vacate [DE-41, DE-45] is DENIED.

A certificate of appealability will not issue unless there has been "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). However, when a district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

The court concludes that Velasquez-Penuelas has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the 8' day of October, 2015.

_____
James C. Fox
Senior United States District Judge

6